

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 18, 1957

Honorable R. M. Dixon, Chairman
Board of Water Engineers
1410 Lavaca Street
Austin, Texas

Opinion No. WW-66

Re: Does the Board of Water
Engineers have full power
to delegate responsibility
and authority to other in-
dividuals within its own
statutory structure except
as specifically limited by
statute?

Dear Mr. Dixon:

  In reply to your letter of March 1, 1957, which we quote in part as follows:

    "The primary purpose in submitting this question to you was to ascertain whether the Board could formulate certain policy rules and regulations and delegate the ad- ministration of said policy rules and regulations to an individual for administration and thereby remove the need for the Board holding an executive meeting each time ac- tion dealing with the direction of the administration of the office of the Board was required.

    "Inasmuch as the Legislature has said that the Board may delegate administrative duties to the Chief Engineer, may it be assumed that the Board has full power to delegate responsibility and authority to other individuals within its own statutory structure except as specifically limited by statute."

  It is a general rule that public duties must be performed and governmental powers exercised by the public official or body designated by law. Such duties are in the nature of a public trust and cannot be dele- gated to others. Green v. San Antonio Water Supply Co., 193 S.W. 453, Civ.App. (1917) Reh. den.; Horne Zoological Arena Co. v. City of Dallas, Civ.App., Reh. den. (1937), 45 S.W.2d 714, and cases there cited.

230

Honorable R. M. Dixon, Page 2 (WW-66)

A corollary to this general rule is that ministerial acts may be delegated to others by a body, but acts involving official discretion must be performed by the body designated by law.

The Board of Water Engineers, subject to the restriction that no legislative or discretionary powers be delegated, can prescribe such rules, regulations and procedures as are necessary to carry out the duties imposed upon it by law. Article 7531, V.C.S., Margolin v. State, 205 S.W.2d 775 (Tex.Crim.App. 1947); Trapp v. Shell Oil Company, 145 Tex. 323, 198 S.W.2d 424, 428 (1946).

Your attention is directed to the fact that Subdivision 4 of Article 7477 allows the Board to delegate only "administrative" duties to the Chief Engineer.

The distinction between "administrative" or "ministerial" acts and "judicial" acts is set forth in Boynton v. Brown, 164 S.W. 893, Civ.App., Reh. den. (1914), which quotes from the case of Commissioner v. Smith, 5 Tex. 479:

"The distinction between ministerial and judicial or other official acts, seems to be that where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment the act is ministerial; but where the act to be done involves the exercise of discretion or judgment in determining whether the duty exists, it is not to be deemed merely ministerial."

The Board can promulgate rules or regulations pertaining to the general management of its business which will place only "ministerial" duties upon the person entrusted with the performance of such ministerial or administrative duties and avoid the necessity of meeting each time business of the Board is to be administered.

## SUMMARY

The Board of Water Engineers can formulate certain rules and regulations and delegate the administration of such rules and regulations to an individual for

administration, thereby removing the need for the Board to hold an executive meeting each time action dealing with the direction of the administration of the office of the Board is required, so long as such rules and regulations are so formulated as to leave no discretionary power.

Very truly yours,

WILL WILSON
Attorney General

By

Houghton Brownlee, Jr.
Assistant

HB:tiw

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman